C

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:                                  )
                                        )   **JUDGE RICHARD L. SPEER**
Thomas Lynn and Margaret Ann Knott      )
                                        )   Case No. 12-3027
    Debtor(s)                       )
                                        )   (Related Case: 11-32473)
John Graham, Trustee                    )
                                        )
    Plaintiff(s)                    )
                                        )
    v.                              )
                                        )
Thomas Lynn Knott, et al.               )
                                        )
    Defendant(s)                    )

## DECISION AND ORDER

    This cause comes before the Court on the Motion of the Plaintiff/Trustee, John Graham, for Summary Judgment. (Doc. No. 11). Said Motion is brought by the Plaintiff/Trustee in support of his Complaint to Revoke the Discharge of the Defendants, who are debtors before this Court, having filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. Previously, this Court had denied the Plaintiff's Motion for Summary Judgment, holding that:

> The factual allegations, upon which the Trustee's Complaint and Motion for Summary Judgment are predicated, rely on the Defendants' refusal to obey lawful orders of this Court. These factual allegations, however, were not supported by affidavit or other sworn statement.

(Doc. No. 12).

    In response to the denial of his Motion for Summary Judgment, the Plaintiff filed a Motion to Reconsider, submitting therewith an affidavit in support of his Motion for Summary Judgment. (Doc. No. 14). On January 29, 2013, a Hearing was held on the Plaintiff's Motion to Reconsider at

which the Defendants and their legal counsel personally appeared. Based upon the arguments made by the Parties at the Hearing, the Court granted the Plaintiff's Motion to Reconsider. Accordingly, based upon this decision, the Court now considers the Plaintiff's Motion for Summary Judgment ripe for adjudication. For the reasons now set forth, the Court finds that Plaintiff's Motion for Summary Judgment should again be Denied.

## FACTS

On April 29, 2011, the Defendants/Debtors, Thomas Lynn and Margaret Ann Knott, filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. An order of discharge was entered in the Defendants' bankruptcy case on September 8, 2011.

After the Defendants commenced their bankruptcy case, the Plaintiff/Trustee, John Graham, was appointed to serve as trustee. In his capacity as trustee, the Plaintiff filed these two Motions: (1) a motion for an examination of the Defendants pursuant to Bankruptcy Rule 2004,[1] filed on December 28, 2011; and (2) a Motion for Turnover of a 2001 Peterbilt truck, title and keys, filed on January 28, 2012. The Defendants did not object to the first Motion, but did file an objection to the Plaintiff's second Motion concerning the turnover of their 2001 Peterbilt truck.

On January 18, 2012, the Court entered an Order, granting the Plaintiff's first motion for a Bankruptcy Rule 2004 examination. In this Order, the Court directed the Defendants to produce certain documentation at the law office of Plaintiff's legal counsel on the eighteenth day of January 2012. For the Plaintiff's second Motion, the Court, on February 29, 2012, overruled the Defendants' objection, and granted the Plaintiff's Motion for Turnover. In granting the Plaintiff's Motion for Turnover, the Court ordered the Defendants to surrender their 2001 Peterbilt truck, title and keys by March 2, 2012.

---

[1] In pertinent part, this Rule provides: "On motion of any party in interest, the court may order the examination of any entity." FED.R.BANKR.P. 2004(a)

Page 2

John Graham, Trustee v. Thomas and Margaret Knott
Case No. 12-3027

The instant adversary proceeding was commenced on February 10, 2012. By way of this action, the Plaintiff seeks to have the Defendants' discharge revoked. As the basis for this relief, the Plaintiff set forth in his Complaint:

> That on or about January 18, 2012 the Court entered an Order directing the Defendant(s)/Debtor(s) to appear for examination and produce specific documents requested in the order and the debtors have failed to comply with this Court's Order without explanation.
>
> The Debtors/Defendants have failed to appear at three scheduled examinations on January 18, 2012, January 24, 2012 and February 7, 2012 and have failed to produce all documents in the Court Order.

(Doc. No. 1, ¶ 6-7). The Defendants filed an answer, wherein they set forth that they "admit that they have failed to appear at three scheduled examinations, but . . . state that they were prevented from attending those examinations by circumstances beyond their control and that their failure to attend was substantially justified." (Doc. No. 7, ¶ 3).

On July 6, 2012, the Plaintiff filed his Motion for Summary Judgment. In his Motion for Summary Judgment, the Plaintiff further alleged, as a basis to revoke the Defendants' discharge, that to date the Defendants have yet to comply with this Court's order regarding the turnover of their 2001 Peterbilt truck. (Doc. No. 11). As support for his allegations, the Plaintiff, in an affidavit submitted to the Court, dated August 22, 2012, stated: "To date, over 6 months later, the debtor has not provided the 2001 Peterbilt truck described in the order for turnover or appeared at a 2004 exam as ordered by this Court." (Doc. No. 14).

The Defendants did not file a formal response to the Plaintiff's Motion for Summary Judgment. However, the Defendants and their legal counsel did personally appear at the Hearing held on January 29, 2013, concerning the Plaintiff's Motion to Reconsider the denial of his Motion for Summary Judgment. At this Hearing, these facts were elicited from the Parties. First, prior to the Hearing, the Defendants, although missing the first three examinations, had attended the 2004

Page 3

examination as ordered by the Court. Second, while an appraisal of the vehicle had been conducted, the Defendants had yet to turnover their 2001 Peterbilt truck as ordered by the Court.

## DISCUSSION

Before this Court is the Plaintiff's Complaint to Revoke the Order of Discharge as entered by this Court on September 8, 2011. A proceeding brought objecting to a discharge, as well as to revoke a discharge, is deemed to be a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(J). Thus, this Court has the jurisdictional authority to enter final orders and/or judgments in this matter. 28 U.S.C. § 157(b)(1).

The Plaintiff's Complaint to Revoke Discharge is predicated on the Defendants' failure to obey two orders of this Court. Specifically, it is the position of the Plaintiff that the Order of discharge entered by this Court should be revoked on account of the Defendants' failure to produce certain documents at a Bankruptcy Rule 2004 examination, as required pursuant to this Court's order dated January 18, 2012. As well, the Plaintiff contends that the Defendants' discharge should be revoked because they failed to comply with this Court's Order, as dated February 29, 2012, to turnover their 2001 Peterbilt truck.

An individual debtor who seeks relief under Chapter 7 of the United States Bankruptcy Code does so with the aim of receiving "an immediate unconditional discharge of personal liabilities for debts in exchange for the liquidation of all non-exempt assets." *Schultz v. U.S.*, 529 F.3d 343, 346 (6th Cir. 2008). The entry of a bankruptcy discharge is, however, predicated on a debtor fulling certain duties imposed by the Bankruptcy Code. *See, e.g.*, 11 U.S.C. § 521 (setting forth a debtor's duties). Among the most fundamental of a debtor's duties is the requirement to comply with orders entered by the court. *Morris v. Beach (In re Beach)*, Not Reported in B.R., 2003 WL 23765955 *6 (Bankr. D.Kan. 2003) ("Debtors are, of course duty-bound to obey this Court's lawful orders.").

Page 4

A debtor who does not obey a lawful order of the bankruptcy court is subject to having their discharge denied or, if a discharge has already been entered, the debtor may have their discharge revoked. In this matter, since an order of discharge was entered in the Defendants' bankruptcy case, the Plaintiff seeks to have the Defendants' discharge revoked.

For his Complaint to Revoke Discharge, the Plaintiff relies on 11 U.S.C. § 727(d)(3), which provides:

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if–
>
>> (3) the debtor committed an act specified in subsection (a)(6) of this section[.]

A debtor's discharge, thus, may be revoked under this provision when a debtor commits any act specified in subsection (a)(6) of § 727.

In turn, § 727(a)(6) specifies three conditions under which a discharge may not be entered in a debtor's favor. Relevant in this matter is subparagraph (A) of § 727(a)(6), which concerns the circumstance raised by the Plaintiff where it is asserted an order issued by the bankruptcy court has not been followed. This provision provides:

> (a) The court shall grant the debtor a discharge, unless–
>
>> (6) the debtor has refused, in the case–
>>
>>> (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify[.]

On his action to revoke the Defendants' discharge under these statutory provisions, the Plaintiff filed a Motion for Summary Judgment.

Page 5

John Graham, Trustee v. Thomas and Margaret Knott
Case No. 12-3027

The standard for summary judgment is set forth in Rule 56(a) of the Federal Rules of Civil Procedure, as made applicable to this Court by Bankruptcy Rule 7056. Under Rule 56(a), it is provided that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In assessing a party's motion for summary judgment, the Court is directed to view all the facts in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586–588, 106 S.Ct. 1348, 1348, 1356, 89 L.Ed.2d 538 (1986).

Because it runs contrary to the general policy of the Bankruptcy Code of affording a Chapter 7 debtor a 'fresh start,' the revocation of a debtor's discharge is considered a harsh measure. *Smith v. Jordan (In re Jordan)*, 521 F.3d 430, 433 (4th Cir. 2008). As such, the party moving to deny or revoke a debtor's discharge bears the burden to establish their claim. *Laughlin v. Nouveau Body & Tan, LLC (In re Laughlin)*, 602 F.3d 417, 421 (5th Cir. 2010). In assessing whether the moving party has sustained their burden, the applicable statutory provision is to be construed strictly against the party seeking revocation and liberally in the debtor's favor. *Cadle Co. v. Duncan (In re Duncan)*, 562 F.3d 688, 695 (5th Cir. 2009).

Section 727(a)(6)(A), the applicable statutory provision in this matter, consists of four elements: (1) the court issued an order directed at the debtor; (2) the order was lawful; (3) the order did not require the debtor to respond to a material question or to testify; and (4) the debtor refused to obey the order. *In re Luby (Panda Herbal Int'l Inc. v. Luby)*, 438 B.R. 817, 835 (Bankr. E.D.Pa.2010). In this matter, based upon the Parties' pleadings, it can be reasonably surmised that only the last of these elements is in controversy – whether the Defendants refused to obey the orders issued by the Court? The Court's discussion, thus, will be limited to this issue.

As applied to § 727(a)(6)(A), a debtor's failure to obey an order of the bankruptcy court will not, alone, serve as a basis to deny the debtor a discharge. Instead, as embodied in the last element of § 727(a)(6)(A), a debtor's discharge may only be placed in jeopardy when it is shown that the debtor "refused" to obey an order of the court. For this purpose, this Court has recognized that the

Page 6

"word 'refused' must be distinguished from the word 'failed' which is used elsewhere in § 727(a), the former presupposing at least some knowledge on the part of the debtor." *Yoppolo v. Meyers (In re Meyers)*, 293 B.R. 417, 419 (Bankr. N.D.Ohio 2002).

To determine whether, as applied to a § 727(a)(6)(A), a debtor "refused" to obey a court order, this Court, as well as other courts, have equated a refusal to obey a court order with a finding of civil contempt. *Hunter v. Magack (In re Magack)*, 247 B.R. 406, 410 (Bankr. N.D.Ohio 1999); *Yoppolo v. Walter (In re Walter)*, 265 B.R. 753, 758 (Bankr. N.D.Ohio 2001). For purposes of federal law, a person will be found to be in civil contempt when all of the following three elements are met by clear and convincing evidence:

> (1) the alleged contemnor had knowledge of the order which he is said to have violated;
>
> (2) the alleged contemnor did in fact violate the order; and
>
> (3) the order violated must have been specific and definite.

*In re Magack*, 247 B.R. at 410, citing *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir.1998). In this matter, a *prima facie* showing has been made by the Plaintiff as to the existence of these elements.

For the first element, it can be presumed that the Defendants had knowledge of the two orders entered by this Court for which the Plaintiff asserts noncompliance. In this respect, the Defendants acknowledged in their Answer that they knew of, but failed to produce the required documents at three 2004 examinations scheduled by the Plaintiff pursuant to this Court's order dated January 18, 2012. Knowledge of this Court's other Order, directing the Defendants to turnover their 2001 Peterbilt truck, can also be presumed, with the Defendants having objected to the Trustee's Motion for Turnover; Defendants' legal counsel was also present at the hearing held on their objection to turnover.[2]

---

[2]

*See Aetna Cas. and Sur. Co. v. Leahey Const. Co.*, 219 F.3d 519, 541 (6th Cir. 2000) (applying Ohio law, and holding that "a principal is chargeable with the knowledge of, or notice to, his

Page 7

Likewise, consistent with the third element, this Court's Orders can only be construed as specific and definite. Regarding the 2004 examination, this Court's Order specifically set forth that the Defendants were to produce for examination certain documents at the law office of Plaintiff's legal counsel on January 18, 2012. Regarding the Court's Order of turnover, it was provided: ". . . the [Plaintiff's] Motion for Turnover is hereby granted and the [Defendants] shall surrender to the Trustee on or before March 2, 2012: The 2001 Peterbilt truck title and keys." These directives are simple, straightforward and precise. As such, with the Defendants offering no evidence or arguments to the contrary, the Court must presume that the Defendants were cognizant of their responsibilities under these Orders entered by this Court.

The second of the above requirements, that the alleged contemnor did in fact violate the court's order, is the essence of a finding of contempt. In this matter, the Defendants acknowledged that they did not comply with this Court's Order to produce certain documents at the office of Plaintiff's legal counsel on January 18, 2012. As well, the Defendants acknowledged that they did not produce the requisite documentation at two subsequent 2004 examinations scheduled by Plaintiff's legal counsel.

The Court finds these circumstances very disconcerting. It was the Defendants who voluntarily came to this Court seeking relief. Such relief was then afforded to the Defendants, with the Defendants initially being provided with the protections of the automatic stay and the Court ultimately issuing an order of discharge in their favor. The Court, thus, fulfilled its duties under the Bankruptcy Code.

The same, however, cannot be said of the Defendants, with their recalcitrance regarding the 2004 examinations inconsistent with their duty to cooperate with the Plaintiff as a trustee. 11 U.S.C. § 521(a)(3) (providing that it is a debtor's duty to "cooperate with the trustee as necessary to enable

---

agent that is received by the agent in the due course of his employment and is related to the matters within his authority.").

Page 8

the trustee to perform the trustee's duties under this title[.]"). This same concern exists regarding the Defendants' Peterbilt truck, with the Defendants having, in contravention of this Court's order of turnover, retained possession of the vehicle for the better part of a year.

Concerning the missed 2004 examinations, the Defendants, in their Answer to the Plaintiff's complaint, responded by averring that their noncompliance with this Court's order stemmed from events beyond their control. And this assertion, if true, may operate so as to provide a valid defense to the Plaintiff's position that the Defendants "refused" to comply with this Court's order. As this Court has recognized, "impossibility or an inability to comply with a judicial order is . . . a valid defense to a charge of civil contempt. *Yoppolo v. Freeman (In re Freeman)*, 293 B.R. 413, 416 (Bankr. N.D.Ohio 2002), *citing United States v. Bryan*, 339 U.S. 323, 330–334, 70 S.Ct. 724, 730–732, 94 L.Ed. 884 (1950).

Both procedural and substantive impediments, however, do exist concerning the Defendants' position. Substantively, the defense put forth by the Defendants is limited and applies only where, after using due diligence, the person, through no fault of their own, is unable to comply with the court's order. In other words, the contemnor must establish that he has been reasonably diligent and energetic in attempting to comply with the court's mandate by taking all reasonable steps within his power to ensure compliance. *In re Freeman*, 293 B.R. at 416.

Moreover, as a matter of procedure, the Defendants' statement, regarding events beyond their control, cannot stand alone in the face of the Plaintiff's properly supported Motion for Summary Judgment. It is a basic canon that, when faced with a properly supported motion for summary judgment, the nonmovant may not rest solely upon his pleadings, "but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Yet, despite these hurdles, one uncontested fact lends credibility to the Defendants' position. The Defendants, although failing to produce the requisite documents at three scheduled 2004

Page 9

John Graham, Trustee v. Thomas and Margaret Knott
Case No. 12-3027

examinations, did eventually comply with this Court's Order of January 18, 2012, by delivering to the Plaintiff the required materials. The Defendants are, thus, at this time in compliance with this Court's order regarding the 2004 examination.

When ruling on a Motion for Summary Judgment, this Court must view the evidence, and all factual inferences reasonably drawn from the evidence, in a light most favorable to the party opposing the motion; as well, the Court must resolve all doubts in favor of the nonmovant. *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1274 (11th Cir. 2008). As also mentioned earlier, revocations to discharge are to be construed strictly against the party seeking revocation and liberally in the debtor's favor.

Based on these standards, and given their eventual compliance with this Court's order regarding the 2004 examination, the Court finds that it is better to err in favor of the Defendants. Accordingly, regarding the three scheduled 2004 examinations, the Defendants will be afforded the opportunity to offer evidence in support of their position "that they were prevented from attending those examinations by circumstances beyond their control and that their failure to attend was substantially justified." The Court reaches this same result with regards to the 2001 Peterbilt truck the Defendants were ordered to turnover to the Plaintiff.

In this Court's order, dated February 29, 2012, the Defendants were directed to surrender to the Plaintiff their 2001 Peterbilt truck, title and keys by March 2, 2012. The Defendants, although having yet to comply with this Order, did undertake to have an appraisal of the vehicle conducted, presumably in an effort to have the Plaintiff abandon the vehicle under § 554, with this provision providing for such relief if the property is of inconsequential value and benefit to the estate.

The Defendants, thus, while in violation of this Court's order of turnover, have not been entirely dilatory as it regards the Plaintiff's interest in their Peterbilt truck. Furthermore, since the failure to surrender the Peterbilt truck was not raised as a count in the Plaintiff's complaint (nor was an amended complaint filed), the Defendants were not afforded their due process right to provide

Page 10

John Graham, Trustee v. Thomas and Margaret Knott
Case No. 12-3027

a formal answer to the Plaintiff's allegation. *See Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir.1996) ("A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment."). As such, caution dictates that the Defendants should be afforded an opportunity to formally respond to the allegation raised by the Plaintiff concerning their 2001 Peterbilt truck.

For all these reasons, the Court finds that the Defendants are entitled to offer evidence, testimonial or otherwise, regarding their failure to comply with the two Orders entered by this Court. The Plaintiff's Motion for Summary Judgment, therefore, must be Denied. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion of the Plaintiff/Trustee, John Graham, for Summary Judgment, be, and is hereby, DENIED.

**IT IS FURTHER ORDERED** that this matter be, and is hereby, set for a Trial on April 30, 2013, at 1:30 P.M., in Courtroom No. 1, Room 119, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.

Dated: March 28, 2013

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 11

CERTIFICATE OF SERVICE

Copies of the foregoing Decision and Order were mailed this 28th day of March, 2013

John N Graham
5151 Monroe St
#245
Toledo, OH 43623

Ericka S Parker
232 10th Street
Toledo, OH 43604

Thomas and Margaret Knott
5518 State Route 60
Wakeman, OH 44889

C. Ross Smith, III
Ross Smith, Attorney at Law
1604 E Perkins Ave
#106
Sandusky, OH 44870

*/s/ Sherry Heyman*
Deputy Clerk, U.S. Bankruptcy Court